# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | | |
|---|---|---|
| DAVID AARON COBB, | : | CIVIL ACTION NO. |
| GDC ID # 323022, | : | 2:11-CV-00166-RWS-SSC |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| STEVE CRONIC, et al., | : | PRISONER CIVIL RIGHTS |
| Defendants. | : | 42 U.S.C. § 1983 |

**MAGISTRATE JUDGE'S ORDER
AND FINAL REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Wheeler Correctional Facility in Alamo, Georgia, has submitted this *pro se* civil rights action, seeking relief under 42 U.S.C. § 1983. The matter is now before the Court for an initial screening. For the purpose of dismissal only, leave to proceed *in forma pauperis* is hereby **GRANTED**.

## I.  The Legal Framework

### A.  28 U.S.C. § 1915A Review

Title 28 U.S.C. § 1915A requires a federal court to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or from an officer or employee of such an entity, to determine whether the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous when it "has little or no chance of success"—for example, when it appears "from the face of the complaint that the factual

allegations are clearly baseless[,] the legal theories are indisputably meritless," or "the defendant's absolute immunity justifies dismissal before service of process." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir.) (internal quotations omitted), cert. denied, 510 U.S. 893 (1993).

Moreover, a prisoner complaint may be dismissed as frivolous if it appears "beyond a doubt from the complaint itself that [the prisoner] can prove no set of facts [to] avoid a statute of limitations bar." Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003) (internal quotation omitted) (noting that district court did not abuse its discretion in dismissing claim as time-barred when there was no indication in record that limitations period should be tolled—during, for example, prisoner's pursuit of administrative remedies); see also Gonzales v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998) (reiterating that "[w]here it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915" (internal quotation omitted)) (affirming 28 U.S.C. § 1915(e)(2)(B)(i) dismissal of time-barred 42 U.S.C. § 1983 complaint as frivolous).

### B.     42 U.S.C. § 1983 Cause of Action

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a defendant's act or omission under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States.

2

See Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995). The statute of limitations for a section 1983 claim arising out of events occurring in Georgia is two years. See Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003). A § 1983 claim accrues, and the statute of limitations begins to run, when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987) (internal quotations omitted); see Ashcroft v. Randel, 391 F. Supp. 2d 1214, 1219 (N.D. Ga. 2005) (Story, J.) (noting that the federal "discovery rule" governing the accrual of a federal civil rights action provides that "a claim accrues when the injured party knew or should have known both (1) that he has suffered the injury that forms the basis of his complaint and (2) who inflicted that injury").

## II. Discussion

In his complaint, which he executed and filed on May 29, 2011, Plaintiff sues a "Lieutenant, Captain, Seargent [sic], Officers, and Medical Staff and Sheriff" of the "Hall County Detention Center and Sheriff's Department of Hall County in Gainesville, Georgia." (Doc. 1 at 3).[1] Plaintiff claims that he was brutally assaulted

---

[1] Plaintiff first complained about the events at issue here in a complaint he executed and filed on September 18, 2008, but that complaint was dismissed without prejudice on June 30, 2009, because Plaintiff had failed to keep the Court informed of his address. See Cobb v. Cronic, 1:08-CV-03058-BBM (N.D. Ga. June 30, 2009). Plaintiff's prior complaint has no bearing on the timeliness of his current complaint.

3

by a fellow inmate in the maximum security section of the Hall County Detention Center (HCDC) on June 18, 2008, and thereafter the Hall County medical staff denied him proper medical treatment for his severely damaged nose. (Id. at 4, 6-14). Plaintiff acknowledges that he was transferred from the HCDC on April 28, 2009. (Id. at 14). Accordingly, all of Plaintiff's claims against personnel at the HCDC and in the Hall County Sheriff's Department accrued more than two years before he executed and filed his complaint on May 29, 2011. There is no indication in the record that the two-year limitations period should be tolled. Therefore, all of these claims are time-barred.

### III. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be dismissed as time-barred under 28 U.S.C. § 1915A.

The Clerk **SHALL** terminate the referral to the Magistrate Judge.

**IT IS SO ORDERED and RECOMMENDED** this 28th day of November, 2011.

*Susan S. Cole*
SUSAN S. COLE
United States Magistrate Judge